Chief Justice Robertson,
delivered the opinion of the court.
The appellee as assignee of Tuller, the obligee sued the appellants in petition and summons, on a note executed by them to Tuller, and assigned to the apellee, by “Lewis Dickerson for Luke Tuller.”
If “A” sign a note, contract, assignment, or obligation, “A” for “B,” A is personally re • sponsible, and it is his act, not the act of B. Suit can-tainedagainst B, nor any right of action ^nve 10
The appellants demurred to the petition; the circuit court overruled the demurrer, and judgment was rendered against the appellants on the note.
If the assignment be not that of the obligee, the assignees couldnot maintain the actionin their own names; and therefore, in that event, there would be error in the judgment on the demurrer.
When the name of the principal is subscribed by his agent, the former is liable in his own name on the contract, because, in law, the signature is his. But as a general rule, the agent malees himself individually liable, by substituting his own name as agent for that of his principal.
A deed signed or sealed by tire attorney in fact, and in his own name for his constituent, is not the deed of the latter; and therefore, will not pass his title. The authority in such case, is simply to sign the name and affix the seal of the principal; see Paley on agency 152-3, and the authorities therein cited.
There is some diversity however, in the British and the American authorities, as to the effect of the signature, by the agent of his own name, for his principal, to an executory contract, or to an endorsement of a bill, or to an assignment of a note. It is not necessary now, to examine and collate these authorities, for the purpose of extracting the true doctrine; for as the point has been expressly decided by this court, it is not material what opinion the comparative weight or reason of other authorities might tend to establish.
It has been more than once decided by this court, that if A. the agent of B. sign an obligation thus: u.A for B.' he (A.) is personally liable; see the case of M’Bean, vs. Morrison, I. Marshall 545.
And it has been as expressly decided by this court, that a suit on such an obligation, cannot be maintained against B.the principal; see Offutt vs. Ayres, VII. Monroe.
The analogy between that case and this is complete; and it therefore results, that the assignment did not transfer, to the assignee, the legal right to the note, Consequently, Tuller would not be liable to a suit on the assignment, and the assignee could not maintain this suit in his own name. To transfer the legal right, *128 the assignment should liave been signed “Luke Tullef’ or “Luke Tuller,” by L. Dickerson, his attorney “in fact.”
Walker, for appellant; Monroe and Denny, for ap-pellee.
Wherefore, the circuit court erred in overruling the demurrer - to the petition; and therefore, the judgment is reversed, and the cause remanded with instructions to sustain the demurrer.